**UNITED STATES FIRE INSURANCE COMPANY, Plaintiff,**

v.

**CORPORACION INSULAR DE SEGU-ROS, Association of Warranty of all Kinds of Insurance Except Life, Disability and Health of Puerto Rico, and Puerto Rico Electric Power Authority, Defendants.**

Civ. No. 93–1842 GG.

United States District Court,
D. Puerto Rico.

May 10, 1994.

Cordero, Miranda & Pinto, John E. Mudd, San Juan, PR, for plaintiff.

Carlos A. Ramos, Hato Rey, PR, for defendant, Puerto Rico Miscellaneous Ins. Guar. Assn.

Lilliam Elisa Mendoza Toro, San Juan, PR, for defendant, Puerto Rico Elec. Power Authority.

## *OPINION AND ORDER*

GILBERTO GIERBOLINI, Senior District Judge.

Plaintiff United States Fire Insurance ("USFI") opposes the U.S. Magistrate Justo Arenas' report and recommendation that defendant Puerto Rico Miscellaneous Guaranty Association's ("the Association") motion to dismiss be granted. For the reasons expressed herein, we adopt the magistrate's recommendation and grant the motion to dismiss.

### FACTUAL BACKGROUND

This action arises out of an airplane crash disaster near Mayaguez Airport on May 10, 1990, in which two persons died and another was severely injured. Several lawsuits arose from this incident, and they were consolidated as *David Reyes Guerra, et al. v. Isla Grande Flying School, et al.,* Civil Nos. 91–1404(HL) and 91–1555(HL). All parties to the consolidated suit settled the claims against them, except Corporación Insular de Seguros.

The Association is a non-profit legal entity created under the Insurance Code of Puerto Rico, P.R.Laws Ann., tit. 26, § 3802 *et seq.,* and is funded by contributions from all insurers authorized to do business in Puerto Rico. The Association is intended to ensure the timely payment of insurance claims and to avoid delays or problems which may arise

when a claimant's insurance carrier is insolvent. USFI is the insurance carrier for the Puerto Rico Ports Authority which contributed $1,542,500 to the settlement in *Guerra, et al. v. Isla Grande Flying School, et al., supra.* In this action, USFI seeks to recoup its contribution, claiming that it qualifies as a claimant of the Association.

## PROCEDURAL BACKGROUND

On August 5, 1993, the Association filed a motion to dismiss USFI's claims against it alleging USFI was not covered under P.R.Laws Ann., tit. 26, § 3805(1)(e). On October 8, 1993, the magistrate issued a report, recommending that the unopposed motion to dismiss be granted. On October 25, 1993, after its motion for further extension of time to oppose was denied, USFI filed the instant objections to the magistrate's report and recommendation.

USFI assigns error to the magistrate's findings on the following grounds:

1) Section 3805(1)(e) of the Puerto Rico Insurance Code violates the Equal Protection Clause;

2) Denial of coverage for plaintiff's claim constitutes a taking without just compensation in violation of the Fifth Amendment; and

3) Section 3805(1)(e) violates USFI substantive due process rights.

## ANALYSIS

In accordance with 28 U.S.C. § 636(b)(1)(C), we proceed to review the magistrate's report and recommendation *de novo* in view of USFI's objections.

### Equal Protection

■ USFI objects to the magistrate's interpretation of § 3805(1)(e), arguing it violates the Equal Protection Clause due to its classification of insurance companies as claimants not covered by the Association.

■ Whether an economic or social regulation violates the Equal Protection Clause is decided by determining whether the government classification is rationally related to a legitimate government interest. *Cleburne v. Cleburne Living Center*, 473 U.S. 432, 440, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985).

Courts review the kind of regulation involved, the criteria used in creating the classification and the nature of the governmental interest. *Felice v. R.I. Board of Elections*, 781 F.Supp. 100, 105 (D.R.I.1991).

The purpose of the Association is to:

"provide[ ] a mechanism for the payment of claims covered under certain policies in order to avoid delays in payment, avoid financial losses to claimants or policyholders as a result of the insolvency of an insurer; to aid in discovering and preventing the insolvency of insurers; and to establish an association for the purpose of providing the necessary funds to cover the cost of this protection among the insurers by the imposition of assessments.

P.R.Laws Ann. tit. 26, § 3802 (1989).

Section 3805(1)(e) provides for the payment of claims against the Association as based on the following definitions:

"Covered claim" means an unpaid claim, including unearned premium claims which arise from and are within the coverage, which does not exceed the limits of an insurance policy to which this chapter is applicable, issued by an insurer declared to be insolvent after the effective date of this act and, (a) the claimant or insured person is a resident of Puerto Rico at the time the loss occurs; or (b) the property giving rise to the claim is permanently located in Puerto Rico.

"Covered claim" shall not include any amount owed to a reinsurer, *insurer*, joint underwriting association (pool), or underwriting association, as recoveries in subrogations or otherwise. Provided that a claim prosecuted for any of said amounts, against a person insured by a policy issued by an insurer who has become an insolvent insurer, that, if it were not a claim of, or for the benefit of a reinsurer, *insurer*, joint underwriting association (pool), or underwriting association, it would be a "covered claim" that may be filed directly with the administrator of an insolvent insurer, but in no case may such claim be prosecuted in a legal action against the person insured by the insolvent insurer.

P.R.Laws Ann. tit. 26, § 3805(1)(e) (1989) (emphasis added).

In *Metropolitan Property & Cas. v. Insolvency Fund,* 811 F.Supp. 54 (D.R.I.1993), the Rhode Island district court found a similar governmental insurance scheme was not unconstitutional. Metropolitan, an insurer, challenged legislation requiring insurance companies contribute an additional percentage to the Rhode Island Insurers' Insolvency Fund to offset a company's recent insolvency on, *inter alia,* equal protection grounds. The Rhode Island district court upheld the legislation because it served a legitimate government interest in safeguarding public confidence in insurance institutions.

Similarly in this case, we find that the purpose of the Association and the classification of USFI's claim as non-covered serve the legitimate governmental interest of protecting individual citizens, rather than insurers, from delayed payment of insurance claims and from non-payment due to an insurer's insolvency. These objectives "preserv[e] public confidence in the insurance system and prevent[ ] [claimants] from being deprived of the benefits to which they are entitled." *Metropolitan Property & Cas. v. Insolvency Fund,* 811 F.Supp. at 57. Thus, § 3805(1)(e) does not violate the Equal Protection Clause.

**Fifth Amendment Taking**

■ The takings clause of the Fifth Amendment prohibits the government taking of property without just compensation and applies to the states through the Fourteenth Amendment. *See Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 175 n. 1, 105 S.Ct. 3108, 3111 n. 1, 87 L.Ed.2d 126 (1985). "It is axiomatic that the Fifth Amendment's just compensation provision is designed to bar Government from forcing some people alone to bear public burdens, which in all fairness and justice, should be borne by a public as a whole." *First English Evangelical Lutheran Church of Glendale v. Los Angeles County,* 482 U.S. 304, 318–19, 107 S.Ct. 2378, 2388, 96 L.Ed.2d 250 (1987) (internal citations omitted). The determination of whether government action constitutes a taking is made on a case by case basis. *Connol-*

*ly v. Pension Benefit Guaranty Corp.,* 475 U.S. 211, 224, 106 S.Ct. 1018, 1025, 89 L.Ed.2d 166 (1986). This determination requires courts to balance private and public interests; in other words, the inquiry turns on whether "the public at large, rather than a single owner, must bear the burden of an exercise of power in the public interest." *Agins v. Tiburon,* 447 U.S. 255, 260–61, 100 S.Ct. 2138, 2141, 65 L.Ed.2d 106 (1980). Three factors that must be considered are:

(1) "the economic impact of the regulation on the claimant; (2) the extent to which the regulation has interfered with distinct investment-backed expectations and (3) the character of the governmental action."

*Connolly,* 475 U.S. at 225, 106 S.Ct. at 1026 (internal citations omitted).

■ USFI's Fifth Amendment challenge is equally without merit. The economic impact of section 3805(1)(e) here is not great when compared to the impact the absence of the Association would have on individual claimants. Further, no interference with economic expectations occurs since the legislation clearly bars USFI's claim and USFI presumably knew this before agreeing to settle in *Guerra.* Finally, the government has not expropriated USFI as "any interference 'arises from a public program that adjusts the benefits and burdens of economic life to promote the common good ... and, ... does not constitute a taking requiring Government compensation.' " *Metropolitan* at 57, quoting *Connolly,* 475 U.S. at 225, 106 S.Ct. at 1026.

**Substantive Due Process**

■ As its final objection to the magistrate's report, USFI argues that § 3805(1)(e) violates the Due Process Clause in that the legislation is not rationally related to a legitimate governmental interest.

■ Generally, social and economic legislation that do not implicate fundamental rights "enjoy a presumption of constitutionality that casts a heavy burden on the party challenging them 'to establish that the legislation has acted in an arbitrary and irrational way.' " *Metropolitan,* 811 F.Supp. at 57 (quoting *Usery v. Turner Elkhorn Mining Co.,* 428 U.S. 1, 15, 96 S.Ct. 2882, 2892, 49

L.Ed.2d 752 (1976)). An economic regulatory statute only violates substantive due process doctrine if it is "arbitrary, discriminatory or demonstrably irrelevant to the policy the legislature is free to adopt." *Pennell v. San Jose,* 485 U.S. 1, 11, 108 S.Ct. 849, 857, 99 L.Ed.2d 1 (1988) (citations omitted). Thus, the crucial inquiry is whether a rational relationship exists between the statute and a legitimate government interest. *Nebbia v. New York,* 291 U.S. 502, 537, 54 S.Ct. 505, 516, 78 L.Ed. 940 (1934); *Tenoco Oil Co. v. Dept. of Consumer Affairs,* 876 F.2d 1013, 1021 (1st Cir.1989). We believe § 3805(1)(e) is rationally related to the legitimate interest of ensuring claimants receive timely payment and not suffer economic losses due to an insurer's insolvency. Further, § 3805(1)(e) serves this interest in a rational manner. *See Metropolitan* at 57. Because the statutory prohibition in § 3805(1)(e) excluding coverage of claims by insurers is not arbitrary or irrational, we reject USFI's substantive due process challenge.

**WHEREFORE,** in view of the above, the Magistrate's Report and Recommendation filed on October 8, 1993 is hereby **ADOPTED** and **APPROVED** as our own. Consequently, we **GRANT** defendant Association's motion to dismiss. Judgment shall be entered accordingly.

**SO ORDERED.**